Méndez *v*. Celis et al.

Apelación procedente de la Corte de Distrito de Humacao.

No. 713.—Resuelto en marzo 18, 1912.

Nulidad de Testamento—Desheredación—Usufructo Vidual.—En esta acción se trata de anular la cláusula de un testamento por la cual la esposa desheredaba al marido de la cuota vidual en usufructo que pudiera corresponderle de los bienes de la esposa. La demanda fué excepcionada por no aducir hechos suficientes y la corte declaró con lugar la excepción previa por ser prematura la acción establecida, por estar pendiente una acción de desahucio continuada por el albacea del cónyuge difunto. *Se resolvió* que habiendo este tribunal resuelto en el caso de *Celis Alquier* v. *Méndez*, en marzo 7, 1912, que la muerte de uno de los cónyuges pone término a la acción de divorcio, no era prematura la presente acción, pues el término para impugnar un testamento es después que haya sido leído a los interesados. El no alegarse en la demanda que la testadora dejara bienes no constituye una omisión esencial según las circunstancias del presente caso.

Los hechos están expresados en la opinión.

. Abogado del apelante: *Sr. Eduardo Acuña.*

Abogado de los apelados: *Sr. Jorge V. Domínguez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta fué una acción establecida por el marido para que se anulara una cláusula contenida en el testamento de su esposa por la que ella trataba de desheredarle. Aparece del testamento según se describe en la demanda, que la testadora había seguido un pleito de divorcio contra su esposo en la Corte de Distrito de Humacao, y que por la cláusula 7ª. de su dicho testamento desheredaba y privaba a su esposo de su derecho de usufructo en cuanto a la mitad de sus bienes. Se formuló excepción previa por la que se admitieron los anteriores hechos, así como el de que no existió ningún motivo para la desheredación a que se hace referencia en el testamento, a no ser que fuera el ya referido de estar pendiente un pleito de divorcio. No se expresan los fundamentos en que se basaba el divorcio.

La excepción previa fué declarada con lugar por ser prematura la acción establecida. Alegan los apelados que si el apelante tiene o no algún derecho al usufructo, estaría sujeto

al resultado del pleito de divorcio, de conformidad con lo prevenido en el artículo 8°. de la ley de 1905.   Esta cuestión ha sido considerada ampliamente por este tribunal en el caso de *Carlota de Celis Alquier* v. *Ramón Méndez Cardona,* resuelto el día 7 de marzo de 1912, y como en él se decidió, la muerte de la esposa pone término al pleito pendiente.

En el alegato de los apelados se hace alguna referencia al hecho de que en la demanda no se alegó que la testadora dejara bienes, habiéndose hecho caso omiso de esta cuestión en el acto de la vista.   Además, por lo general, una testadora deja bienes muebles de alguna clase o puede que luego aparezcan algunos bienes.   La fecha adecuada para oponerse a un testamento es prontamente después que se ha leído a los interesados; y el hecho de no mencionarse en él alguna propiedad no constituye, según las circunstancias del presente caso, una omisión esencial.   Debe resolverse que la demanda determina una buena causa de acción, toda vez que en ella está claramente expresado que el testamento dejó de expresar la causa de la desheredación.   La sentencia debe revocarse.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.